UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMONT BONNER, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-01236-NAB |
| EQUIFAX, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff LaMont Bonner, Jr. to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court will grant the application. Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Equifax.

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action against defendant Equifax under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* He states that On July 2, 2021, he filed a complaint with defendant. Equifax assigned plaintiff's complaint investigation number 210702-6858124. The investigation occurred on July 7, 2021, and was allegedly completed within thirty days. When plaintiff received a copy of his credit report, however, he states that he saw no changes. Plaintiff complained to Equifax on August 11, 2021, asking it to remove a list of erroneous accounts from

his credit report. Plaintiff states that Equifax responded that it had investigated, but that it still refuses to remove a list of allegedly erroneous accounts from plaintiff's credit file.

For relief, plaintiff seeks $45,000 in damages for defendant's alleged violation of his rights under the FCRA.

**Discussion**

Congress enacted the FCRA "to address a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 915 (8th Cir. 2014). The FCRA places responsibilities on both consumer reporting agencies and those that furnish them with information. *Id.* The Act "has several mechanisms to protect consumer credit information, some of which apply to credit reporting agencies while others apply to users of the information provided by those agencies." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). Furthermore, the FCRA "provides for recovery by a consumer upon a showing of willful or negligent failure to follow reasonable procedures." *Hauser v. Equifax*, 602 F.2d 811, 914 (8th Cir. 1979). To make out a prima facie violation of the FCRA, a consumer must present facts showing that a credit reporting agency prepared a report that contained inaccurate information. *Cahlin v. Gen. Motors Acceptance, Corp.*, 936 F.2d 1151, 1156 (8th Cir. 1991).

Here, plaintiff has alleged that Equifax has included inaccurate information on his credit report, that he communicated with Equifax about the inaccuracies of this information, and that Equifax refuses to remove a list of erroneous accounts from his credit file. On initial review, the Court accepts these allegations as true and makes all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Therefore, the Court will direct the Clerk of Court to issue process on defendant Equifax as to plaintiff's FCRA claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Equifax by serving its registered agent at Prentice-Hall Corporation Sys., 221 Bolivar Street, Jefferson City, Missouri 65101.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of February, 2022.